UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REGINALD DARNELL PORTER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF INDIANA, et al.,<br><br>Defendants. | CAUSE NO. 2:25-CV-10-GSL-JEM |

OPINION AND ORDER

Reginald Darnell Porter, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Porter names the State of Indiana, the Lake County Jail, the Lake County Sheriff, the Indiana State Police, and the Indiana Bar Association as defendants in connection with allegations that he was unlawfully arrested, has been

sexually assaulted by a jail officer, and is unlawfully detained at the Lake County Jail. Based on these allegations, Porter seeks money damages.

To start, Porter cannot proceed against the State of Indiana or the Indiana State Police because "a state and its agencies are not suable persons within the meaning of section 1983." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *see also Endres v. Indiana State Police*, 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a person as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."). Porter also cannot proceed against the Lake County Jail because that is simply the name of the location where he currently resides. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Additionally, Porter cannot proceed against Indiana Bar Association because he does not describe how this defendant violated his constitutional rights. Though Porter suggests that members of the Indiana Bar Association violated his constitutional rights, "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).[1] Porter similarly cannot proceed against the Lake County Sheriff for the alleged sexual assault and unlawful arrest because there is no indication that the Lake County Sheriff was involved in these incidents.

The court next considers whether Porter has stated a viable claim against the Lake County Sheriff for unlawfully detaining him. Review of the electronic docket for

---

[1] It is also unclear that the Indiana Bar Association is a state actor. According to the website for the Indiana State Bar Association, "ISBA is a voluntary bar—unlike many other states with mandatory bars—meaning licensed attorneys are not required to be members. Subsequently, the association does not oversee attorney Continuing Legal Education (CLE), discipline, or licensing." Indiana State Bar Association, About Us, https://www.inbar.org/page/about_us (last visited Jan. 24, 2025).

2

the State courts[2] indicates that Porter has three pending criminal cases and a recent conviction from November 2023. In Case No. 45G02-2404-F6-1250, the State docket reflects that a magistrate judge found probable cause to arrest and issued a warrant for his arrest. It reflects that this case remains pending with a jury trial set for April 14, 2025. "The standard for arrest is probable cause, defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). "To implement the Fourth Amendment's protection against unfounded invasions of liberty and privacy, the Court has required that the existence of probable cause be decided by a neutral and detached magistrate whenever possible." *Id.* It thus does not appear that Porter is alleging that he is unlawfully detained for lack of probable cause.

The State docket is murkier with respect to whether Porter should be released on bail. It reflects that the magistrate judge set bail at $20,000 and that another judge held a bail review hearing in May 2024 and declined to reduce the bail amount. It also reflects that, on June 26, 2024, a "Cash Bond [Was] Entered in Clerk's Office." The State dockets for the other pending criminal cases are similarly murky regarding Porter's bail status. It is also unclear whether Porter has been placed at the Lake County Jail due to his recent conviction. "[T]he constitutionality of holding detainees after bond has been posted depended on whether the length of the delay between the time the Sheriff was notified that bond had been posted and the time that the detainee was released was

---

[2] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

3

reasonable in any given case." *Williams v. Dart*, 967 F.3d 625, 635 (7th Cir. 2020). As a result, the court will allow Porter to proceed on allegations that the Sheriff violated his Fourth Amendment rights by refusing to release him on bail without adequate justification.

That said, Porter has filed a federal habeas petition in which he also asserts that he should be released on bail. That petition remains pending in *Porter v. Sheriff*, 2:24-cv-381 (N.D. Ind. filed Oct. 24, 2024). Given the substantial overlap between these cases and in the interest of judicial economy, the court will stay this case pending resolution of the habeas petition.

For these reasons, the court:

(1) GRANTS Reginald Darnell Porter leave to proceed on an Fourth Amendment claim for compensatory and punitive damages against the Lake County Sheriff in his individual capacity for refusing to release him on bail without adequate justification in violation of his Fourth Amendment rights;

(2) DISMISSES State of Indiana, Lake County Jail, Indiana State Police, and Indiana Bar Association;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Lake County Sheriff at the Lake County Sheriff's Department, with a copy of this order and the complaint (ECF 1); and

(5) STAYS this case pending resolution of the habeas petition in *Porter v. Sheriff*, 2:24-cv-381 (N.D. Ind. filed Oct. 24, 2024).

SO ORDERED on January 24, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT