UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

REGINALD DARNELL PORTER,

Plaintiff,

v.

CAUSE NO. 2:25-CV-10-GSL-JEM

LAKE COUNTY SHERIFF,

Defendant.

OPINION AND ORDER

Reginald Darnell Porter, a prisoner without a lawyer, proceeds in this case on a Fourth Amendment claim for damages against the Lake County Sheriff in his individual capacity for refusing to release him on bail without adequate justification in violation of his Fourth Amendment rights. ECF 4. In the screening order, the court relied on *Williams v. Dart*, 967 F.3d 625, 635 (7th Cir. 2020) for the proposition that "the constitutionality of holding detainees after bond has been posted depended on whether the length of the delay between the time the Sheriff was notified that bond had been posted and the time that the detainee was released was reasonable in any given case." *Id.* at 3-4. Significantly, Porter has alleged that the period of unlawful pretrial detention began on April 20, 2024, and subsequent filings indicate that his pretrial detention ended when he was sentenced on February 26, 2025. ECF 1, ECF 14-9.

The Lake County Sheriff has filed a motion to dismiss, which remains pending. ECF 13. To survive a motion to dismiss for failure to state a claim, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id.* at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Applying this standard, we first accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015). Significantly, the Sheriff has attached the docket sheets and pertinent orders from the Lake Superior Court (ECF 14-1 through ECF 14-9), and the court takes judicial notice of them. *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("The face of the complaint refers not just to its four corners but includes sources courts ordinarily consider when deciding a Rule 12(b)(6) motion, such as documents incorporated into the complaint by reference and public records of which the court may take judicial notice."); Fed. R. Evid. 201.

Though Porter had three separate criminal cases pending simultaneously in the Lake Superior Court, the case most relevant to his claim is Case No. 45G02-2109-F5-464. According to the exhibits, on September 20, 2021, Porter posted cash bail and was released from jail. ECF 14-1 at 3. On June 1, 2023, Porter failed to appear in court and was rearrested, but the Lake Superior Court released him on his own recognizance based on the understanding that he would comply with a pretrial release supervision agreement. *Id.* at 8-11; ECF 14-3. On November 16, 2023, the State charged Porter with a new offense in Case No. 45G02-2311-F6-2611. ECF 14-6 at 2. On April 9, 2024, the Lake

2

Superior Court entered a bench warrant for Porter's arrest in Case No. 45G02-2109-F5-464 and ordered that he be detained without bail. ECF 14-1 at 16; ECF 14-5. At a bail determination hearing, on May 17, 2024, the Lake Superior Court again declined to set bail in Case No. 45G02-2109-F5-464. *Id.* at 19; ECF 14-8. The Lake Superior Court did not revisit the bail determination any time before sentencing. ECF 14-1 at 19-28.

Critically, the record indicates that Porter could not have posted bond entitling him to release from pretrial detention during the relevant times because the Lake Superior Court did not grant him the opportunity to do so. It logically follows that the Sheriff did not receive notice that Porter had posted such bond during the relevant times, so there was no corresponding delay in releasing Porter from pretrial detention. While Porter may have been entitled to release from pretrial detention during various intervals prior to April 9, 2024, that period of time is beyond the scope of this case because the complaint does not reference it. *See Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) ("A complaint must at least include the operative facts upon which a plaintiff bases his claim."). Moreover, though Porter believes that the bail determinations were erroneous, it was the Lake Superior Court, not the Lake County Sheriff, that rendered these determinations. Therefore, the court will grant the motion to dismiss for failure to state a claim against the Lake County Sheriff.

The Lake County Sheriff filed a separate motion seeking entry of judgment on the basis that Porter did not file a timely response to the motion to dismiss. ECF 19. However, Porter filed an "Official Notice" that appears to respond to the motion to dismiss. ECF 14. In light of Porter's pro se status, this filing seems to adequately

3

constitute a timely, if unpersuasive, response to the motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). In any event, the court denies the motion for entry of judgment as unnecessary given the aforementioned dismissal for failure to state a claim.

For these reasons, the court:

(1) DENIES the motion for entry of judgment (ECF 19);

(2) GRANTS the motion to dismiss for failure to state a claim (ECF 13); and

(3) DIRECTS the clerk to enter judgment in favor of the defendant and to close this case.

SO ORDERED on October 27, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT